1  Michael Cavendish, Florida Bar No. 0143774
   mcavendish@gunster.com
2  GUNSTER, YOAKLEY, & STEWART, P.A.
   550 Water Street, Suite 941
3  Jacksonville, FL 32202
   Telephone:   (904) 354-3387
4  Facsimile:   (904) 354-2170

5  Attorneys for Plaintiff
   WASHINGTON MUTUAL BANK
6
   David W. Lively, Bar No. 83642
7  dlively@hopkinscarley.com
   Dori L. Yob, Bar No. 227364
8  dyob@hopkinscarley.com
   HOPKINS & CARLEY
9  A Law Corporation
   The Letitia Building
10 70 S First Street
   San Jose, CA 95113-2406
11
   *mailing address:*
12 P.O. Box 1469
   San Jose, CA 95109-1469
13 Telephone:   (408) 286-9800
   Facsimile:   (408) 998-4790
14
   Attorneys for Defendant
15 UNIFIED CAPITAL GROUP, INC.

16             UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA

18

19 WASHINGTON MUTUAL BANK, a          CASE NO. 07-03055-MMC
   federal savings bank, as successor at law to
20 Long Beach Mortgage Company,       **JOINT CASE MANAGEMENT
                                      CONFERENCE STATEMENT**
21             Plaintiff,
                                      Date:      September 21, 2007
22        v.                          Time:      10:30 a..m.
                                      Judge:     Judge Maxine M.Chesney
23 UNITED CAPITAL GROUP, INC., a
   California corporation dba California
24 Mortgage Group also known as California
   Mortgage Group, Inc.,
25
              Defendant.
26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

549282.1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT 07-03055-MMC

1    The parties to the above-entitled action jointly submit this Case Management Statement

2  and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

3  **1.    Basis for jurisdiction and venue**

4    This action was originally filed in the Circuit Court, Fourth Judicial Circuit, in and for

5  Duval County, Florida on March 28, 2007 and was removed to the United States District Court

6  for the Middle District of Florida on April 20, 2007.  On May 4, 2007, Defendant filed a Motion

7  to Dismiss or Transfer Venue seeking dismissal of the action, or in the alternative, transfer to the

8  United States District Court for the Northern District of California.  On or about June 4, 2007 the

9  parties filed a Joint Motion to Change Venue and Stipulation to Transfer to this Court.  In support

10  of their joint motion, the parties stipulated that venue is proper in the Northern District of

11  California pursuant to 28 U.S.C. § 1391(a)(1)-(2) because it is the district in which Defendant is

12  situated and has its principal place of business and is the place in which a portion of the alleged

13  events or omissions giving rise to Plaintiffs claim occurred.  The parties further stipulated that the

14  Northern District of California has diversity jurisdiction over the parties and this action pursuant

15  to 28 U.S.C. § 1332.  Finally, the parties stipulated that the Northern District of California has

16  personal jurisdiction over Defendant because Defendant is situated within and transacts business

17  within this district.

18  **2.    Brief chronology of facts and principal factual issues in dispute**

19    This action concerns the sale of two mortgage loans pursuant to a written contract for the

20  purchase and sale of such loans between the Plaintiff as the purchaser and the Defendant as the

21  seller. The Plaintiff's complaint asserts a single count for breach of contract. The principle factual

22  issues surrounding this claim are (a) the formation of the contract, (b) the sale of the loans, (c) the

23  existence of defects in the loans that implicate certain provisions of the contract, (d) Plaintiff's

24  demand to Defendant for a remedy under the contract and Defendant's response thereto, and (e)

25  Plaintiff's alleged damages.

26  **3.    Brief statement of disputed points of law**

27    Thus far, the parties have not identified the disputed points of law between them.

28

1  **4.    Anticipated motions**

2         Both parties anticipate that they may file dispositive motions at or near the close of

3  discovery, such as a motion for summary judgment.

4  **5.    Proposed deadline for amending pleadings**

5         November 1, 2007.

6  **6.    Evidence preservation issues**

7         None anticipated.

8  **7.    Compliance with initial disclosure requirements**

9         The parties have agreed to complete initial disclosures as required by Federal Rule of

10  Civil Procedure 26(a)(1) by September 14, 2007.

11  **8.    Proposed discovery plan**

12         Close of Fact Discovery:              120 days before trial

13         Expert Disclosures:                   90 days before trial

14         Rebuttal Disclosures:                 60 days before trial

15         Close of Expert Discovery:            30 days before trial

16  **9.    Class action**

17         N/A

18  **10.    Related cases**

19         None.

20  **11.    Relief sought**

21         The Plaintiff's claim for breach of contract seeks money damages.

22  **12.    ADR plan**

23         The parties have agreed to participate in mediation pursuant to ADR Local Rule 6.

24  **13.    Consent to magistrate**

25         The parties do not consent to the assignment of this case to a United States Magistrate

26  Judge for trial.

27  **14.    Other references**

28         N/A

15. **Narrowing of issues**

None at this time.

16. **Expedited schedule**

This is not a case that can be handled on an expedited basis.

17. **Scheduling**

Proposed discovery deadlines are set forth in item 8, above. The parties will otherwise comply with the deadlines set forth in the Court's Pretrial Instructions.

18. **Trial date and estimate**

The parties request a trial date in July 2008.

Plaintiff estimates 5 days.

Defendant estimates 5-10 days.

19. **Disclosure of Non-party Interested Entities or Persons**

None.

Dated: September 14, 2007

GUNSTER, YOAKLEY & STEWART, P.A.

By: _____
Michael Cavendish
Attorneys for Plaintiff
WASHINGTON MUTUAL BANK

Dated: September 14, 2007

HOPKINS & CARLEY
A Law Corporation

By _____
Dori L. Yob
Attorneys for Defendant
UNIFIED CAPITAL GROUP, INC.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

549282.1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT 07-03055-MMC